# EXHIBIT "A"

CSC

Woolf, Andrew Robert

Electronically Filed
11/29/2021 11:52 AM
Seventh Judicial District, Bonneville County
Penny Manning, Clerk of the Court
By: Mary Griffith, Deputy Clerk

John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
955 Pier View Drive
Idaho Falls, ID 83402
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com

Attorneys for the Plaintiff

DISTRICT COURT, SEVENTH JUDICIAL DISTRICT, STATE OF IDAHO
COUNTY OF BONNEVILLE

| | |
|---|---|
| THE TELESPAM PROJECT LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LOANME LLC,<br><br>Defendant. | Case No.: CV10-21-6979<br><br>SUMMONS |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN TWENTY-ONE (21) DAYS. READ THE INFORMATION BELOW.**

TO: **LOANME LLC**

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated Court within 21 days after service of this Summons on you. If you fail to so respond, the Court may enter judgment against you as demanded by the Plaintiff(s) in the complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

Summons - 1

An appropriate written response requires compliance with Rule 2 and other Idaho Rules of Civil Procedure and shall also include:

a) The title and number of this case.

b) If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

c) Your signature, mailing address and telephone number, or the signature, mailing address and telephone of your attorney.

d) Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court, 605 N. Capital Ave., Idaho Falls, ID 83402, 208-529-1350.

DATED: 11/29/2021

Penny Manning
Clerk of the Court
By: *Mary Anne Griffith*
Deputy Clerk

[Seal: 7TH JUDICIAL DISTRICT COUNTY OF BONNEVILLE STATE OF IDAHO DISTRICT COURT]

Electronically Filed
11/29/2021 11:52 AM
Seventh Judicial District, Bonneville County
Penny Manning, Clerk of the Court
By: Mary Anne Griffith, Deputy Clerk

Woolf, Andrew Robert

John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
955 Pier View Drive
Idaho Falls, ID 83402
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com

Attorneys for the Plaintiff

DISTRICT COURT, SEVENTH JUDICIAL DISTRICT, STATE OF IDAHO
COUNTY OF BONNEVILLE

| | |
|---|---|
| THE TELESPAM PROJECT LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LOANME LLC,<br><br>Defendant. | Case No.: CV10-21-6979<br><br>COMPLAINT AND JURY DEMAND |

The Plaintiff, The TeleSpam Project LLC, through counsel of record, Beard St. Clair Gaffney PA, hereby complains and alleges as follows:

## PARTIES

1. The Plaintiff is an Idaho limited liability company with its principal place of business located in Rexburg, Idaho.

2. The Defendant, LoanMe LLC, is a Delaware limited liability company with its place of business located in the state of Nevada.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 47 USC Section 227(b)(3) Idaho Code Section 5-514.

4. Venue is proper in Bonneville County, Idaho pursuant to Idaho Code Section 5-404.

Complaint and Jury Demand - 1

## FACTUAL BACKGROUND

5. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

6. The TCPA regulates, among other things, the use of automated dialing systems.

7. 47 U.S.C.A. Section 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (a) to store or produce telephone numbers to be called using a random or sequential number generator; and (b) to dial such numbers.

8. Specifically, 47 U.S.C.A. Section 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice or cellular phone without the prior consent by the person being called unless said call is for emergency purposes.

9. According to the findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC has also recognized that wireless customers are sometimes charged for incoming calls.

10. Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C.A. Section 227(a)(1).

11. Prior to the commencement of this action, the Plaintiff was assigned all claims possessed by Matthew T. VanderSloot (hereafter "Assignor"), an individual. The Plaintiff is now the holder thereof for such purposes with the rights to assert said assigned claims.

12.    The Defendant has repeatedly contacted Assignor on his cellular phone using an ATDS and made at least two (2) calls to the cell phone.

13.    The telephone number that the Defendant used to contact Assignor was and is assigned to a cellular telephone service as specified in 47 U.S.C.A. Section 227(b)(1)(A)(iii).

14.    Defendant did not have prior express consent to place automated calls to the cellular phone.

15.    Defendant's calls to Assignor's cellular phone were not for "emergency purposes."

16.    Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that it had prior express consent to call the cellular phone using an ATDS.

## COUNT ONE: NEGLIGENT VIOLATION OF THE TCPA

17.    All prior paragraphs are incorporated by reference as if fully set forth herein.

18.    The Defendant negligently placed automated calls to Assignor's cellular number without prior consent.

19.    Each of the aforementioned calls by Defendant constitutes a violation of the TCPA.

20.    As a result of the Defendant's negligent violations of the TCPA, Plaintiff is entitled to recover its actual damages or an award of $500 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C.A. Section 277(b)(3)(B).

21.    The Plaintiff has been required to retain Beard St. Clair Gaffney PA in order to protect its rights. The Plaintiff is entitled to its attorney fees and costs pursuant to Idaho

Code Sections 12-120, 12-121, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule.

### COUNT TWO: KNOWING/WILLFUL VIOLATION OF THE TCPA

22. All prior paragraphs are incorporated by reference as if fully set forth herein.

23. The Defendant knowingly and/or willfully placed multiple automated calls to the Assignor's cellular phone without prior express consent.

24. Each of the aforementioned calls by the Defendant constitutes a knowing and/or willful violation of the TCPA.

25. As a result of the Defendant's knowing and/or willful violation of the TCPA, the Plaintiff is entitled to an award of treble the Plaintiff's damages or up to $1,500.00 per violation, whichever is greater, pursuant to 47 U.S.C.A. Sections 227(b)(3)(B) and 227(b)(3)(C).

26. The Plaintiff has been required to retain Beard St. Clair Gaffney PA in order to protect its rights. The Plaintiff is entitled to its attorney fees and costs pursuant to Idaho Code Sections 12-120, 12-121, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule.

### COUNT THREE: VIOLATION OF IDAHO CONSUMER PROTECTION ACT

27. All prior paragraphs are incorporated by reference as if fully set forth herein.

28. Idaho has prohibited and declared unlawful any act or practice that is misleading, false, or deceptive to the consumer in Idaho Code Section 48-603.

29. Idaho has also declared that the use of unconscionable methods, acts or practices are unlawful. Unconscionable methods, acts or practices includes those that outrage or offend the public conscience.

30. The acts of the Defendant constitute violations of Idaho's Consumer Protection Act insofar as the Defendant employed deceptive, false, or misleading acts or practices that outrage or otherwise offend the public conscience.

31. The Plaintiff is entitled to recover its actual damages or one thousand dollars ($1,000.00), whichever is greater for the foregoing violations.

32. The Plaintiff has been required to retain Beard St. Clair Gaffney PA in order to protect its rights. The Plaintiff is entitled to its attorney fees and costs pursuant to Idaho Code Sections 12-120, 12-121, 48-608, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule.

## JURY DEMAND

The Plaintiff demands trial by a jury of no less than 12 persons pursuant to Rule 38 of the Idaho Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. Entry of judgment for the Plaintiff and against the Defendant in an amount to be determined at trial.

2. Awarding the Plaintiff actual or statutory damages for willful violations of the TCPA in the amount of $3,000.00.

3. Actual or statutory damages pursuant to the Idaho Consumer Protection Act.

4. Awarding the Plaintiff its attorney fees and costs pursuant to Idaho Code Sections 12-120, 12-121, 48-608, and Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable statute or rule. If this matter is resolved through entry of default and default judgment, then awarding attorney's fees in the amount of $1,000.00.

5. Awarding the Plaintiff any other relief deemed just and equitable under the circumstances.

DATED: November 29, 2021.

*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff